<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD BURTON, | : | |
| | : | Civil Action No. 08-0312 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| HUDSON COUNTY CORRECTION | : | |
| CENTER, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Ronald Burton
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**HOCHBERG**, District Judge

   Plaintiff Ronald Burton, a prisoner confined at Hudson

County Correctional Center in Kearny, New Jersey, seeks to bring

this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983,

alleging violations of his constitutional rights.  Based on his

affidavit of indigence[1] and the absence of three qualifying

dismissals within 28 U.S.C. §1915(g), the Court will grant

---

   [1] Although Plaintiff did not attach the required six-month
institutional account statement to his application for leave to
proceed <u>in</u> <u>forma</u> <u>pauperis</u>, he did attach the required account
statement to another civil complaint submitted contemporaneously,
and this Court will rely on that account statement.  <u>See</u> <u>Burton</u>
<u>v. Project Renewal</u>, Civil Action No. 08-0311 (SRC).

Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he has been confined with three other inmates in a two-man cell.  In addition, he contends that he was denied a clean sheet for a period of approximately two months. The Court construes these allegations as an attempt to state a claim that Plaintiff has been subjected to unconstitutional conditions of confinement.[2]

_____

[2] It is not clear whether Plaintiff is a convicted and sentenced prisoner or a pre-trial detainee.  Pretrial detainees (and convicted but unsentenced prisoners) are protected by the Due Process Clause of the Fourteenth Amendment; convicted and sentenced prisoners are protected by the Eighth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979); City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983); Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Plaintiff names as the sole defendant the Hudson County Correctional Center.  He seeks damages in the amount of $50,000.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

the ... claim is and the grounds upon which it rests.'" <u>Erickson</u> <u>v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

>    While a complaint ... does not need detailed factual
>    allegations, a plaintiff's obligation to provide the
>    "grounds" of his "entitle[ment] to relief" requires
>    more than labels and conclusions, and a formulaic
>    recitation of the elements of a cause of action will
>    not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106
>    S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
>    dismiss, courts "are not bound to accept as true a
>    legal conclusion couched as a factual allegation").

<u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  <u>See also</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d at 906 (a court need not credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions").

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

4

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Here, Plaintiff has failed to name a state actor as a defendant.  The only named defendant is Hudson County Correctional Center.  A county jail, however, is not a "person" amenable to suit under 42 U.S.C. § 1983.  See, e.g., Marbry v. Correctional Medical Services, 238 F.3d 422, *2 (6th Cir. 2000) (unpubl.); Ogden v. Huntingdon Co., 2007 WL 2343814, *3 (M.D. Pa. Aug. 15, 2007); Marsden v. Federal BOP, 856 F.Supp. 832, 836

(S.D.N.Y. 1994); <u>Powell v. Cook County Jail</u>, 814 F.Supp. 757, 758 (N.D. Ill. 1993); <u>McCoy v. Chesapeake Correctional Center</u>, 788 F.Supp. 890, 893-94 (E.D. Va. 1992). Accordingly, the Complaint must be dismissed.

Moreover, the Complaint fails to state a claim under either the Eighth or Fourteenth Amendments.[3]

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. See <u>Hubbard v. Taylor</u>, 399 F.3d 150 (3d Cir. 2005); <u>Fuentes v. Wagner</u>, 206 F.3d 335, 341 (3d Cir. 2000). Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979). <u>Hubbard</u>, 399 F.3d at 157-60, 164-67; <u>Fuentes</u>, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its

---

[3] As noted above, Plaintiff does not state whether he is a pre-trial detainee, a convicted but unsentenced prisoner, or a sentenced prisoner.

conceded authority to detain a person pending trial, it
obviously is entitled to employ devices that are
calculated to effectuate this detention. ...

A court must decide whether the disability is
imposed for the purpose of punishment or whether it is
but an incident of some other legitimate governmental
purpose. Absent a showing of an expressed intent to
punish on the part of detention facility officials,
that determination generally will turn on "whether an
alternative purpose to which [the restriction] may
rationally be connected is assignable for it, and
whether it appears excessive in relation to the
alternative purpose assigned [to it]." Thus, if a
particular condition or restriction of pretrial
detention is reasonably related to a legitimate
governmental objective, it does not, without more,
amount to "punishment." Conversely, if a restriction
or condition is not reasonably related to a legitimate
goal--if it is arbitrary or purposeless--a court
permissibly may infer that the purpose of the
governmental action is punishment that may not
constitutionally be inflicted upon detainees <u>qua</u>
detainees. ...

441 U.S. at 535-39 (citations omitted). The Court further

explained that the government has legitimate interests that stem

from its need to maintain security and order at the detention

facility. "Restraints that are reasonably related to the

institution's interest in maintaining jail security do not,

without more, constitute unconstitutional punishment, even if

they are discomforting and are restrictions that the detainee

would not have experienced had he been released while awaiting

trial." 441 U.S. at 540. Retribution and deterrence, however,

are not legitimate nonpunitive governmental objectives. 441 U.S.

at 539 n.20. Nor are grossly exaggerated responses to genuine

security considerations. <u>Id.</u> at 539 n.20, 561-62.

The Eighth Amendment to the United States Constitution, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).   This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency."  Helling v. McKinney, 509 U.S. 25, 32 (1993).  It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation."  Helling v. McKinney, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346).  This component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent

8

to a reckless disregard of a known risk of harm.  <u>See</u> <u>Farmer v.
Brennan</u>, 511 U.S. 825, 835 (1994); <u>Wilson</u>, 501 U.S. at 303.

A plaintiff may satisfy the objective component of an Eighth
Amendment conditions-of-confinement claim if he can show that the
conditions alleged, either alone or in combination, deprive him
of "the minimal civilized measure of life's necessities," such as
adequate food, clothing, shelter, sanitation, medical care, and
personal safety.  <u>Rhodes</u>, 452 U.S. at 347-48; <u>Young v. Quinlan</u>,
960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth
Amendment directs that convicted prisoners not be subjected to
cruel and unusual punishment, "the Constitution does not mandate
comfortable prisons."  <u>Rhodes</u>, 452 U.S. at 349.  To the extent
that certain conditions are only "restrictive" or "harsh," they
are merely part of the penalty that criminal offenders pay for
their offenses against society.  <u>Id.</u> at 347.  An inmate may
fulfill the subjective element of such a claim by demonstrating
that prison officials knew of such substandard conditions and
"acted or failed to act with deliberate indifference to a
substantial risk of harm to inmate health or safety."  <u>Ingalls v.
Florio</u>, 968 F.Supp. 193, 198 (D.N.J. 1997).

Under either standard, Plaintiff's allegations of double-
celling and provision of clean sheets only every month or two
fail to state a claim.  Overcrowding in a prison setting is not
itself a violation of the Constitution.  <u>See</u> <u>Rhodes v. Chapman</u>,

452 U.S. at 347-48 (double-celling is not _per se_ cruel and unusual punishment).  See also Bell v. Wolfish, 441 U.S. 520 (double-celling pre-trial detainees for short periods does not constitute punishment under Due Process Clause).  Overcrowding may constitute cruel and unusual punishment when it leads "to deprivations of essential food, medical care, or sanitation," or when it causes an "increase [in] violence among inmates or create[s] other conditions intolerable for prison confinement." See Rhodes, 452 U.S. at 348; Nami v. Fauver, 82 F.3d 63, 66-67 (3d Cir. 1996); Tillery v. Owens, 907 F.2d 418 (3d Cir. 1990).

Here, Plaintiff has not alleged any facts suggesting that the double-celling has caused him any deprivation or created any intolerable condition.  Nor has Plaintiff alleged any facts suggesting that the defendants acted for the purpose of punishment or with deliberate indifference.  Thus, the mere allegation of double-celling and infrequent changes of sheets are not sufficient to state a claim of constitutional deprivation. See, e.g., Halliburton v. Sunquist, 59 Fed.Appx. 781, 2003 WL 1194247 (6th Cir. 2003); Stevenson v. Whetsel, 52 Fed.Appx. 444, 2002 WL 31693490 (10th Cir. 2002).

V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.[4]
However, because it is conceivable that Plaintiff may be able to
supplement his pleading with facts sufficient to state a claim,
the Court will grant Plaintiff leave to move to re-open
accompanied by a proposed amended complaint.[5]  An appropriate
order follows.


         /s/ Faith S. Hochberg    
        United States District Judge

Dated:  February 20, 2008

---

[4] The Court notes that "'[g]enerally, an order which
dismisses a complaint without prejudice is neither final nor
appealable because the deficiency may be corrected by the
plaintiff without affecting the cause of action.' ...  The
dispositive inquiry is whether the district court's order finally
resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d
Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951
(3d Cir. 1976)) (other citations omitted).  In this case, if
Plaintiff can correct the deficiencies of his Complaint, he may
file a motion to re-open these claims in accordance with the
court rules.

[5] Plaintiff should note that when an amended complaint is
filed, the original complaint no longer performs any function in
the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically
incorporated in the new [complaint]." 6 Wright, Miller & Kane,
Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes
omitted).  An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and
explicit.  Id.  To avoid confusion, the safer course is to file
an amended complaint that is complete in itself.  Id.